UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

LUIS COLON,

    Plaintiff,

v.

BEV SMITH, INC.,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS COLON ("Mr. Colon" or "Plaintiff") files this Complaint against Defendant, BEV SMITH, INC. ("BS" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), Chapter 760 of the Florida Civil Rights Act ("FCRA"), and Section 440.205, Florida Statutes ("WCR"), to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court also has supplemental jurisdiction over Plaintiff's FCRA and WCR claims, as they arise out of the same operative facts and circumstances as his FMLA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Plaintiff worked for Defendant in St. Lucie County, Florida, and this venue is therefore proper.

6. Defendant is a Florida corporation that is located and does business in St. Lucie County, Florida, and is therefore within the jurisdiction of the Court.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious medical condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

9. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability

or "perceived disability."

10. Defendant was at all times an "employer" as envisioned by the FCRA as it employed in excess of fifteen (15) employees.

## **CONDITIONS PRECEDENT**

11. On or around January 21, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

15. Mr. Colon worked for BS as an Automotive Technician from April 3, 2017, until his termination on March 2, 2019.

16. Unfortunately, on December 4, 2018, Mr. Colon suffered a serious injury while on the job.

17. As a result of the injury, Mr. Colon was diagnosed with a torn tendon, which caused him significant pain and affected his major life function of lifting, pulling, and carrying items.

18. Mr. Colon's torn tendon is thus considered a disability under the FCRA.

19. Additionally, due to the severity and necessity for continuing treatment, Mr. Colon's torn tendon is considered a serious medical condition pursuant to the FMLA.

20. Upon Mr. Colon's disclosure to BS regarding the severity and necessity for continuing treatment in response to his torn tendon, BS failed to advise Mr. Colon of his rights and responsibilities pursuant to the FMLA.

21. This, itself, is a violation of the FMLA and constitutes unlawful interference.

22. Following the injury, BS managers routinely mentally and verbally abused Mr. Colon in an effort to force him to quit and avoid providing reasonable accommodations, workers' compensation benefits, and/or protected FMLA leave.

23. Mr. Colon requested a reasonable accommodation of allowing leave to treat his serious disabling medical condition, and to have additional assistance when lifting certain objects.

24. Mr. Colon's reasonable request was ignored.

25. At this time, Mr. Colon objected that he was being retaliated against for requiring reasonable accommodations, workers' compensation benefits, and protected FMLA leave.

26. On or around March 26, 2019, BS took the ultimate retaliatory step against Mr. Colon and terminated his employment.

27. Such a discriminatory and retaliatory termination is exactly the type of adverse employment action that the FMLA, the FCRA, and WCR were intended to prevent.

28. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

29. Mr. Colon is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as an Automotive Technician.

30. Allowing Mr. Colon to utilize a period of unpaid leave to undergo his procedures and begin his recuperation from same without penalty or negative repercussions, such as termination, and allowing co-workers to assist with heavy lifting, would have been a reasonable accommodation.

31. In reality, Defendant's termination of Mr. Colon stemmed from its discriminatory animus toward his need for what should have been protected FMLA leave, his need for accommodation under the FCRA, and for inquiring on his workers' compensation right.

32. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

33. The timing of Plaintiff's termination makes the causal connection between his attempted use of FMLA leave, his request for reasonable accommodation under the FCRA, his inquiry into workers' compensation rights, and his termination sufficiently clear.

34. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the FCRA.

35. Defendant was aware of Plaintiff's FCRA-protected disability and need for accommodation.

36. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for necessitating time off work to seek treatment, and for requesting reasonable accommodation.

37. In short, despite the availability of reasonable accommodation under the FCRA, Defendant discriminated against Mr. Colon based solely upon his disability.

38. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

39. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

40. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

41. Pleading in the alternative, Plaintiff's serious medical condition/disability constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

42. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the FCRA.

43. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.

44. Therefore, Mr. Colon is protected class member as envisioned by the FCRA.

45. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

46. Additionally, as a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

47. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

48. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

49. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, disability discrimination and retaliation, and retaliation for engaging in protected activity pursuant to the WCR.

50. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Colon notifying BS of his serious medical condition, and in retaliation for Mr. Colon utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

51. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

52. Defendant's actions are the exact type of unfair and retaliatory employment practices the FCRA, WCR and the FMLA were intended to prevent.

53. Defendant did not have a good faith basis for its actions.

54. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

55. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

56. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

57. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 15 through 17, 19 through 27, 31, 33, 46 through 57, above.

59. At all times relevant hereto, Plaintiff was protected by the FMLA.

60. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or advise him of his rights and obligations under the FMLA in response to his serious medical condition.

61. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

62. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

63. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 15 through 17, 19 through 27, 31, 33, 46 through 57, above.

65. At all times relevant hereto, Plaintiff was protected by the FMLA.

66. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

67. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

68. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

69. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

70. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III
### DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT
### BASED ON DISABILITY

71. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 18, 23 through 45, 52 through 55, and 57, above.

72. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

73. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

78. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 18, 23 through 45, 52 through 55, and 57, above .

79. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

80. Plaintiff's objection constituted protected activity under the FCRA.

81. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination.

82. Plaintiff's objection to Defendant's illegal conduct, and his termination, are causally related.

83. Defendant's stated reasons for Plaintiff's termination are a pretext.

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

86. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## VIOLATION OF WORKERS' COMPENSATION RETALIATION STATUTE
## AT SECTION 440.205, FLORIDA STATUTES

88. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 15 through 18, 22 through 27, 52 through 55, and 57, above.

89. Plaintiff engaged in protected activity by claiming or attempting to claim

compensation under Florida's workers' compensation law.

90. Plaintiff was retaliated against and fired within a short temporal proximity of claiming or attempting to claim compensation under Florida's workers' compensation law.

91. Defendant's stated reason for terminating Plaintiff is pretext.

92. But for Plaintiff's engagement in protected activity, Plaintiff would not have been terminated by Defendant.

93. Plaintiff was terminated within close temporal proximity to his claim or attempt to claim compensation under Florida's workers' compensation law.

94. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in her favor against Defendant and relief in the form of actual and compensatory damages, including lost wages, and other remuneration; front and back pay; declaratory and injunctive relief; pre-judgment and post-judgment interest, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 25th day of March 2021. Respectfully Submitted,

> **By:** */s/ Noah Storch*
> Noah E. Storch, Esq.
> Florida Bar No. 008547
> RICHARD CELLER LEGAL, P.A.
> 10368 W. SR 84, Suite 103
> Davie, Florida 33324
> Telephone: (866) 344-9243
> Facsimile: (954) 337-2771
> E-mail: noah@floridaovertimelawyer.com